ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Supply & Service Team GmbH | )    ASBCA No. 59630 |
| | ) |
| Under Contract No. W912PB-06-D-0011 | ) |

APPEARANCE FOR THE APPELLANT:       Paul D. Reinsdorf, Esq.
                                               Frankfurt/Main Germany

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                               Army Chief Trial Attorney
                                             CPT Jessica E. Hom, JA
                                             Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PROUTY
## ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

Before the Board is the government's timely motion for reconsideration of our earlier entry of summary judgment sustaining appellant, Supply & Service Team GmbH's (SST's), appeal. *Supply & Service Team GmbH*, ASBCA No. 59630, 17-1 BCA ¶ 36,678. We deny the motion.

In a motion for reconsideration, the moving party has the burden of "demonstrat[ing] a compelling reason for the Board to modify its decision." *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508 at 174,041 (citations omitted). In particular, it must provide newly discovered evidence or demonstrate mistakes in the original decision's findings of fact or conclusions of law. *Id.* A motion for reconsideration is not the place to present arguments previously made and rejected. "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citations omitted); *see also Avant Assessment, LLC,* ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,383.

Here, the government's motion for reconsideration rests completely on an argument that it only presented, in passing, in response to our order directing briefing on legal issues involving accord and satisfaction and fraud as a defense. The government's new, substantial elaboration on this argument was not before us when we made our decision, nor is it persuasive, in any event.

We granted SST's motion for summary judgment on the basis that a particular modification (referred to as Mod 4 in our decision) to the contract at issue effectively acted as an accord and satisfaction of the dispute that was the basis of this appeal. The government's argument in its motion for reconsideration is that two subsequent bilateral contract modifications de-obligating funds from delivery orders on the contract (the de-obligation modifications) acted to set aside the government's waiver of its rights in Mod 4. We made short work of the abbreviated form of this argument originally presented by the government because a contractor's agreement to de-obligate funds, without more, does not constitute a waiver or its rights and because the de-obligation modifications were not supported by any consideration. The government's new challenges to those bases are unavailing.

First, the government argues that we erred by limiting our consideration of the effect of the de-obligation modifications to the four corners of their texts.* This argument is unpersuasive, to say the least. It is well established (and noted in cases cited by both our original decision and the government's motion for reconsideration) that (with exceptions not applicable here) we do not stray from the text of the contract when interpreting it if there is no identifiable ambiguity in its terms requiring a resort to extrinsic evidence. *See, e.g.*, *TEG-Paradigm Environmental, Inc. v. United States*, 465 F.3d 1329, 1338 (Fed. Cir. 2006); *McAbee Construction, Inc. v. United States*, 97 F.3d 1431, 1434 (Fed. Cir. 1996) (citing numerous cases); *Automotive Management Services FZE*, ASBCA No. 58352, 15-1 BCA ¶ 36,119 at 176,329; *Stewart Avionics, Inc.*, ASBCA No. 10226, 65-2 BCA ¶ 5111 at 24,070 (necessary to go beyond the four corners of the contract because the meaning of the contract term is unclear). The cases cited by the government, when properly read, hew to this black letter law. Inasmuch as the government has identified no ambiguities in the de-obligation modifications, we discern no legal error in confining our interpretation of them to the four corners of their respective texts.

The government's argument that the de-obligation modifications were supported by consideration, contrary to our findings, is similarly unsupported. The government's assertion is that, by agreeing to de-obligate the funds, SST both waived its right to payment for those funds and obtained the right to file future claims on the contract that were otherwise barred by Mod 4. This argument is in radical contravention to the government's earlier position in this appeal, that there was no accord and satisfaction in Mod 4, and finds no support, whatsoever, in the record: under no conceivable reading of the de-obligation modifications (even if they were ambiguous, which they are not), could they be read to resurrect SST's rights to advance claims that it waived by executing Mod 4. We can only imagine the government's protests if we had ruled that a de-obligation modification, *sub silentio*,

---

* Notably, the government is implicitly conceding that, under the four corners of the text of the de-obligation modifications, it cannot prevail.

permitted a contractor to pursue claims against the government that it had previously waived – yet that is exactly what it requests here.

We have carefully reviewed the remainder of the government's motion and find no other basis to revise our earlier opinion in this appeal. Thus, for the reasons stated herein, we deny the government's request for reconsideration of our decision sustaining ASBCA No. 59630.

Dated: 3 May 2017

J. REID PROUTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59630, Appeal of Supply & Service Team GmbH, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals